## BRADLEY *v.* CITY OF RICHMOND.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 38. Submitted November 6, 1912.—Decided February 24, 1913.

A privilege tax may perform the double function of regulating the business under the police power and of producing revenue if authorized by the law of the State.

Under the Fourteenth Amendment, neither the State nor its municipality can confer or exercise arbitrary power in classifying for purpose of regulating, licensing or taxing.

Whether the power of classifying be exercised by the State directly or by the municipality, it is the exercise of legislative discretion and subject to the guarantee of the Fourteenth Amendment.

The power of the State to determine what occupations shall be subject to license and tax is subject to no limitations save those of the due process and equal protection clauses of the Fourteenth Amendment, and nothing in the Fourteenth Amendment prohibits the State from delegating this power. *Gundling* v. *Chicago,* 177 U. S. 183.

An ordinance imposing a license on business, dividing it into several classes and giving the power of classification to a committee of the council with power of review by the entire council, is not an arbitrary exercise of power within the prohibitions of the Fourteenth Amendment, and so *held* as to the banker's license tax of Richmond, Virginia.

An ordinance imposing license taxes and authorizing classification which provides for a review will not be held unconstitutional because

the reviewing power might approve of an unjust classification—such an objection would apply to any tribunal.

The presumptions are that the tribunal charged with the duty of determining whether a classification is proper will not perform its duty unjustly.

If the right to be heard and obtain a review does not avail to protect rights under the Constitution, the right to judicial review remains under the general principles of jurisprudence. *Kentucky Railroad Tax Cases*, 115 U. S. 321.

The burden is on the one who complains of his classification under a legal ordinance to show that he was denied equal protection of the law by such classification.

Where errors of administration in classifying for taxation can be corrected on review, one complaining that he was denied equal protection of the laws must avail of the method provided before applying to the Federal courts for protection under the Fourteenth Amendment.

Where it is a clearly apparent error, this court will take notice of evident omission in the transcript of record of the word "not."

110 Virginia, 521, affirmed.

THE facts, which involve the constitutionality under the due process and equal protection provisions of the Fourteenth Amendment of a license ordinance of the city of Richmond, Virginia, are stated in the opinion.

*Mr. I. Henry Harris* for plaintiff in error:

The ordinances and the tax imposed on the plaintiff in error were void as in violation of the due process and equal protection provisions of the Fourteenth Amendment. The power given to the Committee on Finance to tax and classify the persons or businesses mentioned, and the tax imposed by it was a naked and arbitrary power, neither restrained nor guided, and offends those provisions.

The guaranty of the Constitution prohibits laws which are capable of being exercised arbitrarily and with discrimination and unjustly and without regard to legal discretion. *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Gulf &c. R. R.* v. *Ellis*,

165 U. S. 150; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232–237; *Morton* v. *Macon*, 111 Georgia, 162. See also *Richmond* v. *Model Steam Laundry*, 111 Va. Rep. 758. The cases which hold that certain laws apply only to a certain class of the people or businesses are not applicable to the facts and the ordinance in question, because the ordinance in this case does not provide for any classification of persons or businesses mentioned therein, but delegates such classification to the Finance Committee. This distinguishes *Kentucky Railroad Tax Cases*, 115 U. S. 321; *McMillan* v. *Anderson*, 95 U. S. 37; *Clark* v. *Titusville*, 184 U. S. 329; *Gundling* v. *Chicago*, 177 U. S. 183; *Noble State Bank* v. *Haskell*, 219 U. S. 104; *Engel* v. *O'Malley*, 209 U. S. 128.

There the statute fixed the terms and conditions and the fee on which the license should be issued and the comptroller who issued them had no arbitrary power. See also *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114; *Brown-Forman Case*, 217 U. S. 563.

See contra *Gulf &c. Ry. Co.* v. *Ellis*, 165 U. S. 150; *Boyd* v. *United States*, 116 U. S. 616, 635; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 561.

In urging that the tax is not unconstitutional, the defendant in error claims that the plaintiffs in error could have appealed to the council if any error was made. But such right to appeal is entirely irrelevant to the question here presented. What the committee could do under the ordinance the council could do. There is no difference whether the council or its committee fixed the class in which the plaintiffs in error were placed. The ordinance is impregnated with the vice already shown whether the council or its committee acted and the right to appeal could not save it from that vice.

*Mr. H. R. Pollard* for defendant in error.

MR. JUSTICE LURTON delivered the opinion of the court.

Appellant was convicted in the Hustings Court of Richmond for the violation of an ordinance forbidding the carrying on of the business of a "private banker" without a license. This judgment was affirmed by the Supreme Court of the State.

Numerous objections to the ordinance and to the tax, arising under the law and constitution of the State, were decided adversely to the plaintiff in error. With these we have no concern. The case comes here upon the claim made in the state court, and denied, that the ordinance denies both the equal protection of the law and due process as guaranteed by the Fourteenth Amendment.

The ordinance in question requires all persons desiring to pursue certain businesses and occupations to pay a special license tax for the privilege of prosecuting such business. Many pursuits are named, among them real estate agents, commission merchants, brokers, auctioneers, private bankers, etc. The persons required to pay such special license tax are to be divided by the finance committee of the city council into thirteen classes. The amount required to be paid by each class is as follows: First class, $800; second class, $600; third class, $400; fourth class, $300; fifth class, $250; and so on in decreasing amounts to the thirteenth class which is required to pay only $10. This classification by the finance committee is to be made with the advice and assistance of "the commissioner of revenue, the city tax collector, or any city officer."

The tax imposed is not merely an exercise of the police power regulating a business, but is a tax assessed as a condition upon which the license issues. Though it fulfills the double function of both regulating the business and producing revenue, it was fully authorized by the law of the State as adjudged by the very judgment under review:

*Gundling* v. *Chicago,* 177 U. S. 183, 189. Since the purpose of the statute is double, it is plain that to exact the same amount from each person or firm subject to the tax might result in inequality of burden under like circumstances and conditions. Therefore it was that the ordinance provided for a division into classes, those in each class paying the same tax.

The objection to the ordinance does not grow out of any contention that there may not exist just and reasonable distinctions justifying a greater tax upon some of these persons or firms engaged in doing what is called a "private banking" business than upon others engaged in the same general business; but arises from the fact that the law provides no rule by which some are to be placed in one class and some in another. An ordinance which commits to a board, committee or single official the power to make an *arbitrary* classification for purposes of taxation, would meet neither the requirement of due process, nor that of the equal protection of the law.

But this ordinance does not authorize any arbitrary classification, nor could the State or the council legally confer or exercise arbitrary power in classifying for the purpose of either regulating or licensing or taxing. The guarantee of the Fourteenth Amendment would forbid.

But whether the power of classifying be exercised by the State directly or by a city council authorized to require the payment of such a tax as a condition to the issuance of a license, it is at last the exercise of legislative discretion and is subject, in either case, to the guarantee referred to.

But when the matter concerns the determination of the business or occupation which may be required to take out a license and pay a tax as a condition of obtaining such a license, the power of the State is subject to no limitations, save those found in the guarantee of due process and the equal protection of the law. In the present instance, the State has delegated this power of selecting the businesses

and occupations carried on within the city of Richmond, and of dividing them into classes and determining the amount of the tax to be paid by the members of each class. The state Supreme Court has decided that there can be no objection under the constitution of the State to such delegation. Neither do we see any reason under the Fourteenth Amendment why the State may not delegate to either the council of the city or to a board appointed for that purpose the power to divide such occupations or privileges into classes or sub-classes, and prescribe the tax to be paid by the members of each such class. *Gundling* v. *Chicago,* 177 U. S. 183; *Fischer* v. *St. Louis,* 194 U. S. 361, 372; *Lieberman* v. *Van De Carr,* 199 U. S. 552, 560. In the case last cited, this court said:

"That this court will not interfere because the States have seen fit to give administrative discretion to local boards to grant or withhold licenses or permits to carry on trades or occupations, or perform acts which are properly the subject of regulation in the exercise of the reserved power of the States to protect the health and safety of its people there can be no doubt."

That this ordinance does not contemplate any arbitrary discrimination between the persons or firms subject to the license tax is evident from the direction that they shall be divided into thirteen classes, the members of each class to pay the particular amount named as a condition to the issuance of a license. It is also evident from the provisions in respect of notice, right to be heard and a right to a review by the council itself. These are obvious guards against unjust and capricious inequalities.

The authority to classify is given to the finance committee of the city council. That was a committee of eleven members of a city council composed of forty members. The ordinance required this committee to make a tentative classification with the advice and assistance of certain city officials supposed to be acquainted with the general

subject. When made the classification is required to be filed in the office of the city auditor for public inspection. The auditor is then required to give notice through two city newspapers that the tentative assessment is so filed in his office for examination and that all persons affected may be heard by the finance committee at times and places specified. From the final classification made by the committee the ordinance permits any aggrieved person to appeal to the full city council and there obtain a review.

But it is said that after all there is no security that the city council will not in the end approve of a scheme of classification operating most unjustly. The same objection might be made with reference to any tribunal required to determine such a matter. The presumptions which must be indulged run counter to the suggestion made.

If the right to appear and be heard and to obtain a review should prove illusory, there would, under general principles of jurisprudence, remain the right to judicial review, if the result should violate either a right secured under the law of the State or that of the United States. This is the right which plaintiff in error has in this very case asserted. *Kentucky Railroad Tax Cases*, 115 U. S. 321, 335, 336.

There was obviously no want of due process of law in the imposition of the tax.

Finally, the plaintiff in error says that the actual operation of the ordinance has brought about an unjust and illegal discrimination in that he has been classified in such manner as to subject him and his business to a higher tax, as a condition of issuing to him a license, than that required of many other private bankers. This was a defense made in the state court. But that court, after saying that it was competent for the council to assign private bankers to different classes, and that the plaintiff in error

had been required to pay no greater license tax than all others in the same class, said:

"In order to render the classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class which is alleged to be favored. *Norfolk &c.* v. *Norfolk*, 105 Virginia, 139. That has not been shown in the present case; on the contrary, it appears that the business of the plaintiff in error is not precisely the same with that of other private bankers who are put in a different class and assessed with a less license tax."

That some private bankers were put into classes which subjected them to less taxation than the class into which the plaintiff in error was placed is the only allegation which would tend to show discrimination. But there was evidence tending to show that the business done by the plaintiff in error and ten other persons or firms was that of lending money at high rates upon salaries and household furniture, while the kind of business done by others in the same general business was the lending of money upon commercial securities. Obviously the burden was upon the plaintiff in error to show an illegal and capricious classification. The state court said that he had failed to show that these private bankers favored in the classification were doing the same business.

In *Home Telephone Company* v. *Los Angeles*, 211 U. S. 265, 280, 281, the complaint was that the city, under an authority to regulate the charges for telephone service, had given a more favorable rate to a rival company and had thereby illegally discriminated. After saying that the allegation of such difference was "too vague to pass upon," this court said:

"Whether the two companies operated in the same territory, or afforded equal facilities for communication, or rendered the same services does not appear. For aught that appears, the other company may have brought its

patrons into communication with a very much larger number of persons, dwelling in a much more widely extended territory, and rendered very much more valuable services. In other words, a just ground for classification may have existed. Every presumption should be indulged in favor of the constitutionality of the legislation."

See also *Sweet* v. *Rechel*, 159 U. S. 380, 392.

But it is not necessary to rest our judgment upon the question as to whether the plaintiff in error was rightly or erroneously classified, because we are of opinion that he is not in a situation to complain. There was obviously no want of due process of law in the scheme of the ordinance. The occupations to be subjected to the tax were defined. There was a maximum and minimum limitation as to the amount of the tax, dependent upon the classification. The classification was to be made after notice and a hearing and an appeal from the final action of the committee was permissible. The plaintiff in error might have appeared and shown the character and extent of the business he was doing and compared it with that of others more favored in classification. He did nothing of the kind. He seems to have stood by and let the matter of classification go by without contest. It is no answer to say that it would have been unavailing. The presumption is otherwise. The authority to classify was committed primarily to the finance committee, subject to review by the council. It was expected to use its judgment and knowledge. If it erred there was ample opportunity to show that by an appeal to the council. Of the right to appear and to be heard plaintiff in error elected not to avail himself. Under the circumstances he is not warranted in resorting to the extraordinary jurisdiction of this court to arrest an administrative error susceptible of correction by an appeal to the council. *Gundling* v. *Chicago*, 177 U. S. 183, 186; *Chicago, B. & Q. Rd.* v. *Babcock*, 204 U. S. 585, 598.

It is true that in the opinion of the Hustings Court it is inadvertently said that of the opportunities afforded by the act for curing any wrong he had "availed himself." It is likely that the word "not" has been accidentally omitted. This we say because the brief of the defendant in error says that he did not appeal to the city council and in the brief of the plaintiff in error this is admitted. In addition, we add that there is no evidence that he in any way appeared or pointed out any injustice done him.

*Judgment affirmed.*

MR. JUSTICE LAMAR concurs in the result.