PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SOUTH PORTO RICO SUGAR Co., Defendant and Appellant.

No. 3517.    Argued November 21, 1928.—Decided June 10, 1929.

*F. Manuel Toro* and *O. B. Frazer* for the appellant.    *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In an information the South Porto Rico Sugar Co. was charged with having infringed Act 102 of 1925, inasmuch as said corporation had not presented to the Workmen's Relief Commission within the time allowed a report showing the number of workmen employed, the kind of work in which they were engaged and the amount of wages received by them during the fiscal year of 1926–27.

The court below found that the averments of the information had been proved and proceeded to consider the special defense raised by the defendant, namely, that by a decree *pro confesso* in the District Court of the United States for

Porto Rico in 1924 the Workmen's Relief Commission was enjoined from requiring any report from the said South Porto Rico Sugar Co. by virtue of the before-mentioned act. The object of the suit for injunction in the Federal Court was that the said Act No. 102 of 1925 should be declared invalid or unconstitutional for various reasons.

The prosecution in this case was begun because of the provisions of section 13 of the Act in question. The injunction obtained from the United States District Court on March 28, 1924, was to prevent, among other things, the Workmen's Relief Commission from requiring similar reports at that date and under a similar section 13. It is practically conceded on all sides that the act we are considering is only a continuation of the former act against which the injunction was directed. In other words, that the theory and purpose of the law is the same now as it was in 1924, and it can not be maintained that there is any difference in subject matter.

What the District Court of Ponce held, however, was that the personnel of the Workmen's Relief Commission had been totally changed; that the members who constituted the present board were a different set of men and were differently appointed or elected. The theory of the decision evidently is that an injunction obtained in 1924 can not affect the present members of the board. As we have said, the decree was obtained *pro confesso* and both the court below and the *Fiscal* of this court take the position that a decree obtained in this manner could not avail the defendant.

The appellant insists that a decree *pro confesso* is just as available as a decree rendered on the merits. In so far as the variance between the membership of the board is concerned the appellant maintains with much show of written authority that as the Workmen's Relief Commission was then restrained as a body, the restraint should continue over to the present members of the said Workmen's Relief Commission. If this were distinctly a civil suit in which the Workmen's Relief Commission was before the court asserting a

right to proceed, we might question with the appellant the right of its successors to do any of the things which the former Workmen's Relief Commission was by injunction ordered not to do. This, however, is not a civil suit by the Workmen's Relief Commission, but it is a prosecution by The People of Porto Rico for an alleged failure on the part of the defendant and appellant to comply with specific duties ordered by the Act of 1925.

The District Court of Ponce had the idea that the *pro confesso* decree passed in 1924 could not affect the prosecution in this case. We are not at all sure that the court was not right in saying that the decree *pro confesso* obtained in 1924 could not affect persons who were not directly enjoined. The court did not go quite far enough. It might be added that the test of the effect of the decree *pro confesso* would depend upon the whole situation created, a pragmatic test.

In no way, however, could the sovereignty or quasi-sovereignty, The People of Porto Rico, be restrained by the *pro confesso* decree of the United States District Court for Porto Rico, especially as The People of Porto Rico was not named therein. Indeed, one of the defenses attempted to be set up in the United States District Court in another case was that the Workmen's Relief Commission was just a branch of The People of Porto Rico and that therefore the proceedings should have been initiated against The People of Porto Rico. This contention was overruled by the United States District Court and on appeal the Circuit Court of Appeals for the First Circuit supported the conclusion of the Federal Court, namely, that the Workmen's Relief Commission could not raise such a defense. *Camuñas* v. *N. Y. & P. R. S. S. Co.*, 260 Fed. 40. So that it is beyond question that The People of Porto Rico was in no sense affected or bound by the decision of the Federal Court.

Ordinarily an injunction will not lie to prevent criminal prosecution, 32 C. J. 279, and we do not see how it could be done by indirection.

Under section 13 of the Act of 1925 the duties of an employer of labor are positive. He is required to make certain reports and to do other things set out in the said section. The duties thus imposed do not depend upon any action on the part of the Workmen's Relief Commission. The duty to make the report is one fixed by the law and not by any action of the Workmen's Relief Commission. Assuming the constitutionality of the Act, as we must where it is not directly attacked, the defendant, according to the judgment of the court below, was guilty for having failed to perform the said duty. This consideration is really decisive of the case.

We have already held that a duty arose without any condition precedent, namely, without the necessity on the part of the Workmen's Relief Commission to demand a report. The record discloses that a previous prosecution against the South Porto Rico Sugar Co. was abandoned at the time of the proceedings in the United States District Court. Let us suppose, however, that the action of the Workmen's Relief Commission is a condition precedent and that an injunction duly obtained would be an obstacle for a prosecution by The People of Porto Rico. Then the appellant might conceivably argue that the injunction was binding on the successors of, the members of the Workmen's Relief Commission who were enjoined in 1924. Therefore, we shall examine the nature of the supposed inhibition.

The decree *pro confesso* was as follows:

"In the District Court of the United States for Porto Rico.
"South Porto Rico Sugar Company,
                    Complainant,
                         vs                              Equity No. 1115.
L. Santiago Carmona et al., as President
    and Members of the Workmen's Relief
    Commission, and José E. Benedicto and
    Ramón Aboy, Jr. as Treasurer of Porto
    Rico,
                    Defendants.
"DECREE PRO CONFESSO.
"It appearing to the court that the bill in the above entitled

cause was filed in this court on March 13, 1922, and that *subpoena* was duly issued and served on the defendants herein and that on June 30, 1922, an order was entered denying defendants' motion to dismiss the complaint and granting defendants to July 31, 1922, to answer and that said period was subsequently extended to August 8, 1922, and that no answer has ever been filed by any one of the defendants herein and that an order taking the bill as confessed was duly entered in the order book on February 21, 1924, in the office of the clerk of this court and no proceeding has been taken by the defendants or any of them since the entry of said order, and more than thirty days have elapsed since entering the order pro confesso, it is hereby

"ORDERED, ADJUDGED AND DECREED that the defendants composing the Workmen's Relief Commission be perpetually enjoined and restrained from requiring the complainant to file any of statements or reports as required or provided in and by the terms of said Workmen's Accident Compensation Act of Porto Rico, and from assessing any quota or premium to be paid by the complainant into the Workmen's Relief Trust Fund created by said Act, and it is

"FURTHER ORDERED AND DECREED that the bond executed by the Fidelity and Deposit Company of Maryland and filed herein by complainant be and the same hereby is canceled.

"San Juan, Porto Rico, March 28, 1924.

Arthur F. Odlin,<br>U. S. District Judge."

The Workmen's Relief Commission at that time and at that date was ordered to refrain from doing certain things. It nowhere appeared from the said decree that the Workmen's Relief Commission had no power to require reports, but the only notice in the case was that for some reason not disclosed in the decree the then Workmen's Relief Commission and its members were enjoined from requiring reports, etc. We think it is evident from mere inspection, as held in the court below, that such a decree could not be binding on any future Workmen's Relief Commission.

The appellant maintains that a decree *pro confesso* is just as effective as a decree on the merits. However, the practice is and the authorities so declare that a decree *pro confesso* should be drawn as carefully as a decree on the merits.

*Thomson & others* v. *Woodster,* 114 U. S. 104; *Central Rail-road* v. *Central Trust Co.,* 133 U. S. 83, 91; *Knott* v. *Giles,* 27 App. D. C. 591, 592; *McArthur* v. *Hood Rubber Co.* 221 Mass. 374; *Perkin* v. *Tyrer,* 24 App. D. C. 456; 21 C. J. 792 *et seq;* 10 R.C.L. 539, 540.

The particular and total relief sought to be obtained should be mentioned in the decree.

An order *pro confesso* admits only the truth of the facts set up in the complaint. *Thomson* v. *Woodster,* and some of other authorities, *supra.* It does not admit conclusions of law. Again we say that the decree never apprised the present Workmen's Relief Commission of the supposed invalidity or unconstitutionality of the act. It merely enjoined the then commissioners.

Was the suit itself sufficient notice as a sort of *lis pendens?* If the complaint in the United States District Court be examined it will be seen that it alleges a large number of grounds for the supposed unconstitutionality or invalidity. We are convinced without particular citation of authorities that a statute may not be declared invalid or unconstitutional in this way, namely, by a decree *pro confesso* not containing any pronouncement of unconstitutionality or invalidity or unaccompanied by any opinion to show such unconstitutionality or invalidity.

Could it be supposed for a moment, moreover, that each and every alleged ground of unconstitutionality and invalidity would prevail? Some of them at least have been definitely overruled by the decision of *Camuñas* v. *N. Y. & P. R. S. S. Co., supra.* A decree, to be effective, should declare the particular ground of invalidity or unconstitutionality which thereafter would prevent the Workmen's Relief Commission from operating under the statute so declared invalid or unconstitutional.

We think the decree of the United States District Court, if not totally void, was totally ineffective except perhaps in so far as it bound the exact persons before the court.

We go further and we question the validity of the decree against future actions of the then Commission. The decree lacked so much that it did not bind any future action of the Workmen's Relief Commission, especially after the decision in *Camuñas* v. *N. Y. & P. R. S. S. Co., supra.*

In the United States District Court a preliminary injunction was originally issued against the Workmen's Relief Commission and its members and a bond taken. The preliminary injunction necessarily became merged in the final decree *pro confesso* and, as the decree itself showed, the bond given was dissolved. Therefore it might be questioned if the decree, lacking as it was, was effective for any purpose.

If it should be suggested that no prosecution should prevail under an unconstitutional statute it is evident that no question of unconstitutionality was raised in the present criminal proceeding. The defendant instead relied on the injunction theretofore obtained in the United States District Court for Porto Rico. We do not think a court would be justified in declaring an act unconstitutional in this informal way. It is fair to say that the considerations of this paragraph were not, in answer to anything, suggested by the appellant but by ourselves.

The Workmen's Relief Commission Act came up for review in the case of *Camuñas* v. *N. Y. & P. R. S. S. Co., supra,* and while perhaps not all the matters alleged in the Federal Court by the South Porto Rico Sugar Co. were raised, yet some of the more important ones were, and the examination of the statute did not suggest to the Circuit Court of Appeals that in any way it was invalid or unconstitutional. Apparently quite the contrary was the case.

So far as the injunction in the United States District Court might be considered as an obstacle to a prosecution by The People of Porto Rico, we also desire to say that it seems somewhat questionable whether the United States District

Court for Porto Rico had jurisdiction to declare the said statute invalid or unconstitutional. It is settled with certain limitations that the Constitution of the United States does not apply to Porto Rico until Congress shall definitely so determine. The actions about to be taken by the Workmen's Relief Commission in no sense directly challenge the validity of the Organic Act or any other act of the United States. It is not every resultant unconstitutionality that would give a Federal Court jurisdiction, but the conflict with the Constitution or the statute should be direct. *Lovell* v. *Newman,* 227 U. S. 482; 25 C. J. 718.

The matters we have been considering were raised by appellant's third assignment of error. The first assignment of error was that the court erred in failing to grant the motion for a bill of particulars. The information set up that the defendant had failed to give the report before the 15th of July, 1927, or within the extended time granted by the Workmen's Relief Commission.

The theory of the appellant was that the information ought to have set out who asked for the extension, if it was the corporation itself or an agent of the defendant, in order to raise a matter of prescription. However, if it did not appear from the information that the prosecution had prescribed it was the duty of the defendant to allege such prescription. It would appear that the prosecution in no sense had prescribed.

The second assignment of error was that the information was defective inasmuch as it did not describe the place where the alleged infractions were committed. We agree with the government that it makes no difference where the acts were done, or the alleged failure to do them, inasmuch as the defendant is a domestic corporation with its domicile at Ensenada, Porto Rico, within the jurisdiction of Ponce where the prosecution was begun.

The judgment will be affirmed.