## EDWARDS v. UNITED STATES.

### No. 10393.

Circuit Court of Appeals, Ninth Circuit.

Nov. 2, 1944.

A. L. Wirin, of Los Angeles, Cal. (Hayden C. Covington, of Brooklyn, N. Y., of counsel), for appellant.

Charles H. Carr, U. S. Atty., and James M. Carter and Betty Marshall Graydon, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment sentencing appellant to one year in the penitentiary upon conviction on an indictment charging that appellant, having been classified by his local selective service board as a conscientious objector—that is Class IV-E —did knowingly and wilfully refuse to report for work of national importance, he having been ordered so to do by his selective service board.

Appellant claims that he has a constitutional right to due process in the hearing of the board in the classification proceeding and that it was denied him by the arbitrary and unjust conduct of that tribunal, citing Bradley v. City of Richmond, 227 U.S. 477, 33 S.Ct. 318, 57 L.Ed. 603. It is not necessary to pass upon that constitutional question or on the constitutional right to seek the federal court's protection of that right in the present proceeding under claimed interpretations of the cases of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, and Billings v. Truesdell, 321 U. S. 542, 64 S.Ct. 737—particularly the language of the latter case at page 558 of 321 U.S. at page 746 of 64 S.Ct. that "Moreover, it should be remembered that he who reports at the induction station is following the procedure outlined in the Falbo case for the exhaustion of his administrative remedies. Unless he follows that procedure he may not challenge the legality of his classification in the courts."

The evidence is clear that appellant appeared at the local board office in response to an order to report there for assignment to the Civilian Public Service Camp and that he refused to go to that camp. It is stipulated that he had then passed his final-type physical examination of his fitness for work at the camp but, under the existing regulations, if one becomes unfit at the time of arrival at the camp one is given a further physical examination and if then rejected is to be returned to the board for further consideration of one's status.[1]

---

[1] The regulation in effect in May of 1942, the time here relevant, referring to any further physical examination, is Regulation 653.11, Reception at Camps. At that time paragraphs (c) and (e) read as follows:

"(c) If the assignee indicates that his physical condition has changed since his final-type physical examination for registrants in Class IV-E, the camp physician shall examine him with reference thereto. If the assignee is not accepted for work of national importance, the camp director will indicate the reason therefor, and the assignee, pending instructions from the Director of Selective Service, will be retained in the camp or hospitalized where necessary."

"(e) Upon receiving notice that a registrant has been accepted for work of national importance, the local board shall not change his classification but shall note the fact of his acceptance for such work in the Classification Record (Form 100). Upon receiving notice that a registrant has been rejected for work of national importance, the local board shall take the action outlined in section 633.13 (b) except that the report of the camp physician shall be used in lieu of the report of the medical board of the armed forces and shall either retain the registrant in Class IV-E or change his classification to Class IV-E-LS or Class IV-F as the circumstances may require."

Section 633.13 (b) referred to in paragraph (e) reads as follows: "(b) Upon receiving notice from the induction station that a selected man has not been accepted, the local board shall reopen his classification and classify him in Class IV-F unless, pursuant to instructions from the Director of Selective Service, he is retained in Class I-A or Class I-A-O and forwarded to another component of the armed forces."

 We hold that the civil administration of the selective service act does not terminate until the selectee in IV-E arrives at the camp to which he is ordered in physical condition fit for the service.

 Even assuming the selectee has the constitutional right to have his claim of an arbitrary classification heard in a criminal prosecution for violation of a board order, which we do not decide, appellant had not exhausted the requirements of the selective service process when his disobedience occurred, and hence, under any interpretation of the Billings and Falbo decisions, had not arrived at the point where he could challenge the action of the board as an arbitrary violation of due process.

The judgment is affirmed.